DAVID ADAMS, Appellant, v. CITY OF ST. LOUIS, Respondent.

*Title.*—The State of Missouri, by virtue of its sovereignty, does not acquire title to the islands that have formed in the Mississippi river since the admission of the State into the Union.

### Appeal from St. Louis Land Court.

Action of ejectment upon an entry, and preemption by Sally Adams, under the preemption act of 1830, made with the register and receiver of the St. Louis land district, for part of what is known as Duncan's Island.

Defendant introduced evidence to show that in 1820 the land sued for was a sand-bar subject to overflow in ordinary stages of water, and unfit for cultivation, and showed a conveyance from the State to the City of St. Louis, by an act passed in 1851, granting all right, title and interest of the State. Defendant also proved that the entry of Sally Adams had been set aside by the land department at Washington as illegally made.

*J. W. Skinner*, with *T. F. Risk*, for appellant.

The title of the United States was not divested by the act admitting the State of Missouri into the Union. It was not divested by any compact with the State.

It was not divested by the *sovereign power of the State*. (Johnson v. McIntosh, 8 Wheat. 543 ; Fletcher v. Peck, 6 Cranch. 142 ; Journal of Congress, 6, 123, 147 ; Howard v. Ingersoll, 9 How. 56 ; Chicago case, 18 How. 152.)

*C. G. Mauro*, for respondent.

It was decided in the cases of Kissell v. St. Louis Public Schools, 18 How. 19, and Jones v. Soulard, 24 How. 63, that the entry upon which the plaintiff's claim is based was void.

BATES, Judge, delivered the opinion of the court.

This is an action in the nature of an action of ejectment. At the trial the plaintiff gave evidence of an entry with the register and receiver of the land office at St. Louis of the land in question by Sally Adams, his ancestor.

The defendant gave evidence that the entry so made was cancelled by the commissioner of the general land office. Evidence was given tending to prove that before 1820 the land was a sand-bar in the Mississippi river unfit for cultivation, and was overflowed by ordinary high water, and had not been surveyed as public land.

The court, at the instance of the defendant, gave the following instruction : " If the jury find that the land now in controversy was, at the date of Missouri becoming a sovereign State, a mere sand-bar in the Mississippi river which began to be formed no earlier than 1814, and at the time when Missouri became such State was wholly unfit for cultivation ; was overflowed at all times by ordinary high water ; had not been surveyed, or in any way claimed as public land belonging to the United States ; then prior to said admission no title was obtained under the preemption papers read in evidence, and the plaintiff cannot recover." Judgment was given for defendant, and the plaintiff appealed to this court. If that instruction be understood to mean that the State of Missouri as sovereign acquired title to said land, because it was formed as land since the State had legal existence, it is no doubt erroneous. (See Jones v. Soulard, 24 Howard's Rep. 41.)

It appears, however, from the record that the plaintiff's title depends upon the entry made by Sally Adams. That entry was similar to an entry made by Robert Duncan, and cancelled in the same manner and by the same acts by which Duncan's entry was cancelled. Duncan's entry was examined and considered by the Supreme Court of the United States in the case of Kissell v. The St. Louis Public Schools, 18th Howard, 19, and declared to be *void*, and that decision was expressly reaffirmed in the case of Jones v. Soulard, in 24th Howard.

Under these circumstances we must consider the entry of Sally Adams to be void, and the plaintiff has therefore shown no title.

Therefore, in the judgment rendered by the court below there is no error materially affecting the merits of the action.

The plaintiff can suffer no injury by an affirmance of the judgment, for he cannot recover upon the facts shown in this case; and if he have another and different title, the judgment in this case will be no bar to a suit upon that title.

Judgment affirmed. Judge Dryden concurs.

Judge Bay, having been of counsel in this suit, did not sit on the determination thereof.